UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. OLIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2: 13-cv-1974 KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3    § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18   1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
2  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5       Named as defendants are the State of California, the Governor, the Secretary of the
6  California Department of Corrections and Rehabilitation ("CDCR"), Associate Warden Young,
7  Correctional Officer Frangos, Correctional Officer De Stefano, Lieutenant Scotland and Warden
8  Hartley.

9       Plaintiff alleges that on July 19, 2011, defendants De Stefano and Frangos came to
10 plaintiff's cell.  Defendant Frangos ordered plaintiff to spread his arms.  Plaintiff alleges that
11 defendant Frangos then searched plaintiff "in an unusual manner and unreasonable
12 manner...touched just about every inch of his body in a strange unreasonable manner."  Plaintiff
13 alleges that defendants went on to conduct a second body search.  Plaintiff appears to allege that
14 because defendants found nothing incriminating during the search, defendant Scotland decided to
15 (falsely) charge plaintiff with resisting a peace officer.  Plaintiff alleges that defendants, although
16 it is not clear which ones, also acted as hearing officers at the prison disciplinary hearing.
17 Plaintiff alleges that he did not receive a fair hearing.  As relief, plaintiff seeks money damages.

18      For the reasons stated herein, the undersigned finds that plaintiff's claims against
19 defendant State of California are barred by the Eleventh Amendment.

20      The Eleventh Amendment to the U.S. Constitution prohibits federal courts from hearing
21 suits brought by private citizens against state governments, without the state's consent.  Hans v.
22 Louisiana, 134 U.S. 1, 15 (1890).  Absent a waiver, state immunity extends to state agencies and
23 to state officers.  Alabama v. Pugh, 438 U.S. 781 (1978).  Because defendant State of California
24 has not consented to suit, plaintiff's claims against this defendant must be dismissed.

25      Plaintiff's claims against defendants Governor, CDCR Secretary, Young and Hartley are
26 not clear.
27 ////
28 ////

3

1   The Civil Rights Act under which this action was filed provides as follows:

2
3   Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
4

5   42 U.S.C. § 1983.

6   The statute requires that there be an actual connection or link between the actions of the

7   defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

8   Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to

9   attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative

10  link between the incidents of police misconduct and the adoption of any plan or policy

11  demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

12  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

13  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

14  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

15  588 F.2d 740, 743 (9th Cir. 1978).

16  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17  their employees under a theory of respondeat superior and, therefore, when a named defendant

18  holds a supervisorial position, the causal link between him and the claimed constitutional

19  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

20  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

21  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

22  denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of

23  official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

24  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

25  participation is insufficient).

26  Plaintiff's claims against defendants Governor, CDCR Secretary, Young and Hartley are

27  so vague and conclusory that the undersigned cannot determine whether plaintiff has stated a

28  colorable claim against these defendants. Accordingly, these defendants are dismissed with leave

4

to amend.

Plaintiff alleges that defendants Frangos and De Stefano violated his constitutional rights when they conducted two body searches. While a prisoner retains a Fourth Amendment right against unreasonable searches, the determination of the reasonableness of a search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." See Bell v. Wolfish, 441 U.S. 520, 559–60 (1979). The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must all be considered. See id. at 559. However, "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response" to legitimate security interests, "courts should ordinarily defer to their expert judgment in such matters." See Florence v. Bd. Of Chosen Freenholders, 132 S. Ct. 1510, 1517 (citing Bell, 441 U.S. at 548).

Plaintiff's description of the searches defendants performed is vague and conclusory. It is not clear whether plaintiff was clothed or unclothed during the searches. Plaintiff's description of the searches as "strange and unreasonable" is vague and conclusory. Plaintiff does not specifically describe the elements of the search that he alleges were unreasonable. Plaintiff also does not describe how the search was performed, i.e., was it a pat down or body cavity search. For these reasons, this claim is dismissed with leave to amend.

Plaintiff also appears to challenge the validity of his prison disciplinary conviction. In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for an unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Heck, 512 U.S. at 487.

In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages

1   and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations
2   are such that, if proven, would necessarily imply the invalidity of the result of the prison
3   disciplinary hearing. Balisok, 520 U.S. at 646. Because such a challenge, if successful, would
4   invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus
5   petition and not under § 1983. Heck, 512 U.S. at 487.

6   In order to determine whether plaintiff has stated a colorable claim challenging his prison
7   disciplinary conviction, plaintiff must describe the punishment imposed following his conviction.
8   If plaintiff was assessed time credits, his claim challenging the prison disciplinary conviction is
9   most likely barred by Heck, supra. For these reasons, plaintiff's claim challenging the validity of
10  his prison disciplinary conviction is dismissed with leave to amend.

11  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
12  about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
13  Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
14  named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
15  some affirmative link or connection between a defendant's actions and the claimed deprivation.
16  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
17  (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
18  rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
20  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
21  complaint be complete in itself without reference to any prior pleading. This requirement exists
22  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
23  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
24  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
25  original complaint, each claim and the involvement of each defendant must be sufficiently
26  alleged.

27  In accordance with the above, IT IS HEREBY ORDERED that:
28  ////

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 5, 2014

Ol1974.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  JAMES W. OLIVER,                          No.  2: 13-cv-1974 KJN P
12             Plaintiff,
13        v.                                  NOTICE OF AMENDMENT
14  STATE OF CALIFORNIA, et al.,
15             Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19         _____          Amended Complaint
20  DATED:
21
22                                            _____
                                              Plaintiff
23
24
25
26
27
28