UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:13-cv-1974 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds on the first amended complaint (FAC) against defendants Scotland and Swarthout for alleged violations of plaintiff's procedural due process rights in connection with a prison disciplinary violation. (ECF No. 14.) Presently before the court is defendant Scotland's motion to dismiss the first amended complaint, and various motions filed by plaintiff.

II. Procedural History

The FAC was filed on November 7, 2014. (ECF No. 14.) Upon screening, the court found that the FAC stated a potentially cognizable due process claim against defendants Scotland and Swarthout. (ECF No. 18.) On September 29, 2015, the undersigned directed the U.S. Marshal to serve process on defendants Scotland and Swarthout. (ECF No. 27.) On December

1

28, 2015, defendant Scotland returned an executed waiver of service of process.[1]  (ECF No. 31.)  Defendant Scotland filed the pending motion to dismiss the FAC on December 29, 2015.  (ECF No. 30.)  On February 29, 2016, plaintiff opposed defendant's motion to dismiss.  (ECF No. 35.)  On March 7, 2016, defendant Scotland filed a reply.  (ECF No. 36.)

Plaintiff thereafter filed a motion for appointment of counsel and a motion for an extension of time to respond to defendant Scotland's reply.  (ECF Nos. 38, 39.)

On April 11, 2016, plaintiff filed a motion requesting a temporary stay of the instant proceedings, pending rehearing en banc of Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015).  (ECF No. 40.)

On April 15, 2016, plaintiff filed a notice of change of address.  (ECF No. 41.)  The new address reflected in the notice appears to be a non-institutional address, see id., which suggests to the court that plaintiff is no longer in prison.[2]

III.   Allegations of the First Amended Complaint

In the FAC, plaintiff alleges that while he was incarcerated at California State Prison-Solano ("CSP-SOL"), plaintiff was assessed a false Rules Violation Report ("RVR") and subsequently found guilty at a disciplinary hearing, which resulted in a loss of good-time credits and denial of parole by the Board of Parole Hearings.

The disciplinary charge stemmed from an incident that took place on July 19, 2011.  Plaintiff alleges that at 7:15 p.m. on that date, plaintiff was awoken by Officer Frangos, who indicated he was going to search plaintiff's bunk.  (ECF No. 14 at 3.)  Frangos conducted a pat down of plaintiff while Officer DeStefano watched.  After the pat down was over, plaintiff began to walk away.  Officer Frangos told him to stop, and proceeded to conduct a second pat down

---

[1] It appears that the U.S. Marshal has not yet accomplished service of process on defendant Swarthout.  (See ECF No. 32.)

[2] The court further notes that a search for plaintiff's name in the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR) returned no search results.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

search of plaintiff. When the second pat down was finished, plaintiff again started to walk away. Frangos told plaintiff to stop and cuff up. Plaintiff complied without incident and never resisted. DeStefano observed the entire incident, and never reacted as if plaintiff presented a danger. (Id.)

Frangos then made a radio call for assistance, to which Officer Aldaz, Officer Rodman, and Sergeant Bercerra responded.[3] Officer Aldax escorted plaintiff to a holding cage just outside the door of the program sergeant's office. As plaintiff sat in the cage, he saw Becerra and Frangos enter the sergeant's office. (Id.) "Within two minutes," defendant Scotland approached the sergeant's office. Plaintiff called out to Scotland, but Scotland ignored him. (Id. at 4.)

"Through the slightly ajar door no more than 2 feet away at most," plaintiff heard Scotland say, "I heard the call over the radio, what's up?" (Id.) Frangos responded, "I'm gonna write [plaintiff] up for having a cell phone and resisting an officer." Scotland explained, "No, you can't write him up for both; that's 'stacking.' We can write him up for Resisting an Officer Requiring the Use of Force." (Id.)

Plaintiff was eventually served with a CDC 115 Rules Violation Report (RVR) that charged him with violating CCR § 3005(b), Resisting a Peace Officer Requiring the Use of Force. (Id.) The RVR was based on a report authored by Frangos and a separate report authored by DeStefano concerning the July 19, 2011 incident. (Id. at 4-5.) DeStefano's report stated that DeStefano did not observe Frangos use force on plaintiff. (Id. at 5.) Included with the RVR was Bercerra's review notice to DeStefano, requesting clarification on several issues. (See id. at 5-6.)

Plaintiff's disciplinary hearing took place on August 2, 2011. (Id. at 6.) When plaintiff discovered that Scotland was the presiding Senior Hearing Officer (SHO), plaintiff immediately objected on the grounds that Scotland "could not serve as SHO because Scotland had both investigated the incident, responded to the incident, and helped select the charge plaintiff would face." (Id.) Plaintiff requested that the hearing be "postponed on conflict of interest grounds" and be rescheduled with a different SHO. (Id.) Defendant Scotland acknowledged that he heard the radio call, was present at the "after action meeting," and had advised Frangos on the charge to

---

[3] Upon screening the FAC, the court determined that plaintiff's allegations pertaining to Frangos, DeStefano, and Becerra failed to state a claim for relief. (See ECF No. 18 at 4.)

3

1  file. (Id.) However, Scotland "stated his belief that he could disregard all of that and still be

2  fair." (Id.) Plaintiff contended there was time to postpone the hearing, but Scotland insisted that

3  the hearing would be held that day and that Scotland would preside, whether plaintiff participated

4  or not. (Id.)

5  During the hearing, plaintiff argued that Frangos' account of the facts was clearly

6  contradicted by DeStefano's report "on the essential question of whether Frangos actually used

7  any force whatsoever" on plaintiff. (Id. at 7.) Plaintiff asserted that even after Sgt. Bercerra

8  offered DeStefano the opportunity to revise his statement, DeStefano "remained adamant that . . .

9  no force was used by Frangos on [plaintiff] to gain [plaintiff's] compliance." (Id.) After plaintiff

10 presented his defense, "Scotland commented that he believed the incident stemmed from a

11 misunderstanding not warranting such a serious charge, but that he would find [plaintiff] guilty

12 nonetheless because he felt he had to support his officers." (Id.) Plaintiff was then found guilty

13 and assessed 61 days of credit for a Division "D" offense. (Id.)

14 When plaintiff received the disciplinary disposition, plaintiff noticed that defendant

15 Scotland, in his role as SHO, had "inaccurately recorded that [plaintiff] made no objections

16 [during the hearing] and inaccurately summarized [plaintiff's] defense." (Id.)

17 Plaintiff filed an administrative appeal, contending that the disciplinary process was

18 "fatally flawed" because Frangos' report was contradicted by DeStefano's report, and Scotland

19 "should have recused himself as SHO on conflict of interest grounds." (Id.) At the second level

20 of review, plaintiff's appeal was denied by defendant Warden Swarthout, who reviewed

21 plaintiff's documents, but took no action "to rectify the misconduct." (Id. at 7-8.) Plaintiff's

22 appeal was also denied at the third level of review.

23 Plaintiff alleges that he then initiated a round of state habeas petitions challenging his

24 prison disciplinary violation. (See id. at 8.) Plaintiff filed a habeas petition in the Los Angeles

25 County Superior Court, the California Court of Appeal, Second Appellate District, and the

26 California Supreme Court. According to plaintiff, "each petition raised the same claims that the

27 evidence was insufficiently reliable to support the guilty finding, that [plaintiff's] procedural due

28 process rights were violated, and that an evidentiary hearing was necessary to resolve the issue."

4

1  (Id.)  Plaintiff alleges that he also filed a federal habeas petition in the U.S. District Court for the
2  Central District of California, which was dismissed on the grounds that "a challenge to [a]
3  disciplinary disposition is not cognizable on federal habeas and that the claims fail on the merits
4  in any case."  (Id.)

5  Plaintiff alleges that as a result of defendants' actions, plaintiff suffered a loss of prison
6  credits, and was denied parole at his hearing on October 10, 2013.  (Id. at 9.)  Plaintiff alleges that
7  the denial of parole was "based on substantial part" on the prison disciplinary violation at issue in
8  this case, and that the Board of Parole Hearings used the disciplinary violation "to establish a
9  nexus to current dangerousness and to establish a pattern of inability to conform conduct to
10  societal expectations."  (Id. at 9.)  Plaintiff seeks compensatory and punitive damages, as well as
11  declaratory relief.[4]  (Id. at 1, 11.)

12        IV.    Plaintiff's Request for Leave to File a Surreply

13  Plaintiff filed a motion entitled "Motion for Enlargement To File Response to Defendant's
14  Reply to Plaintiff's Opposition to Motion to Dismiss."  (ECF No. 39.)  In his motion, plaintiff
15  questions whether it was proper for defendant Scotland to file a reply to plaintiff's opposition,
16  given that defendant did not obtain leave from the court to file a reply.  (See id. at 1.)  Plaintiff
17  requests that the court strike defendant's reply, and grant plaintiff additional time to file a
18  "rebuttal reply."  (Id.)

19  Plaintiff is advised that the Local Rules provide for the filing of a motion, an opposition,
20  and a reply.  See E.D. Cal. L. R. 230(b)-(d).  As defendant's reply to plaintiff's opposition was
21  properly filed, plaintiff's motion to strike defendant's reply will be denied.

22  With respect to plaintiff's request for leave to file a "rebuttal reply," neither the Local
23  Rules nor the Federal Rules of Civil Procedure provide for the filing of surreply, and the court did
24  not request a surreply in this action.  Plaintiff's request to file a "rebuttal reply" appears to be
25  based on plaintiff's mistaken belief that defendant's reply was improperly filed, and plaintiff
26  provides no other explanation as to why a surreply is necessary.  Accordingly, plaintiff's request

27

---

28  [4] Plaintiff does not request that his credits be restored.

5

for additional time to file a "rebuttal reply," construed as a request for leave to file a surreply, is denied.

V.      Plaintiff's Motion For a Temporary Stay

Plaintiff filed a motion for a temporary stay of the instant proceedings pending rehearing en banc of the Ninth Circuit Court of Appeals' decision in Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015). (ECF No. 40.) As the Ninth Circuit's opinion has now been filed, see Nettles v. Grounds, __F.3d__, 2016 WL 4072465 (July 26, 2016) (en banc), plaintiff's motion for a temporary stay is denied as moot.

For the reasons set forth below, the undersigned finds that although the decision in Nettles represents a change in the law, supplemental briefing on this issue is unnecessary to the resolution of defendant's pending motion to dismiss.

In his motion for a temporary stay, plaintiff asserts that a stay is warranted because a favorable decision in Nettles might permit plaintiff to reopen his federal habeas case, Oliver v. Valenzuela, No. 2:13-cv-05799 JLS AJW (C.D. Cal.).[5] In Oliver v. Valenzuela, plaintiff challenged the same disciplinary action at issue in the instant case, and alleged that he was denied of due process because insufficient evidence supported the disciplinary finding. (See Dkt. No. 26 at 1 in Case No. 2:13-cv-05799 JLS AJW (C. D. Cal. Feb. 4, 2014).) The district court dismissed plaintiff's habeas petition on two grounds. (See id.) First, the court found that plaintiff's due process claim was not cognizable on habeas corpus because the disciplinary violation did not affect the fact or duration of plaintiff's confinement. (Id. at 4-5.) Second, the court found that even if plaintiff's claim were cognizable in habeas corpus, "it would not matter" because plaintiff's claim also failed on the merits. (Id. at 5.) Specifically, the court found that there was no procedural due process violation because plaintiff's disciplinary conviction was supported by "some evidence." (See id. at 6, 8-9.)

////

---

[5] The court takes judicial notice of the docket in Oliver v. Valenzuela, Case No. 2:13-cv-05799 JLS AJW (C.D. Cal.). See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201(b)(2)) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

1  Plaintiff appears to argue that a favorable decision in Nettles could render the due process

2  claim plaintiff raised in Oliver v. Valenzuela cognizable in habeas corpus, which would be

3  relevant to defendant Scotland's argument in the pending motion to dismiss that the due process

4  claim raised in the instant case is barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Heck,

5  at 489 (unless and until favorable termination of the conviction or sentence, no cause of action

6  under section 1983 exists). However, even if the due process claim raised in Oliver v. Valenzuela

7  were now cognizable in habeas corpus, which it is not,[6] it would not matter because that claim

8  was also denied on the merits. Accordingly, there is no basis to conclude that the recent decision

9  in Nettles, 2016 WL 4072465, would permit plaintiff to reopen his federal habeas case. Neither a

10 stay of the instant proceedings nor supplemental briefing on this particular issue is warranted.

   VI.  Defendant's Request for Judicial Notice

12 Defendant Scotland filed a request for judicial notice in connection with his motion to

13 dismiss the FAC. A court may take judicial notice of court records. See, e.g., Bennett v.

14 Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in

15 other courts, both within and without the federal judicial system, if those proceedings have a

16 direct relation to matters at issue'"). Therefore, this court takes judicial notice of the following:

17 (1) the petition for writ of habeas corpus filed in In Re James W. Oliver, Los Angeles Superior

18 Court Case No. BH008675; (2) the judgment of the Los Angeles Superior Court denying habeas

19 relief in In Re James W. Oliver, Case No. BH008675 (Aug. 24, 2012); (3) the California Court of

20 Appeal opinion in In Re James W. Oliver, Case No. B243877 (Nov. 1, 2012) (denying habeas

21 relief); and (4) the California Supreme Court opinion in Case No. S206959 (Feb. 20, 2013)

22 (summarily denying habeas relief).

23 ////

---

[6] In Nettles, the Ninth Circuit held that where success on the merits of a challenge to disciplinary proceedings would not necessarily lead to a prisoner's immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus," and must instead be brought under section 1983. Nettles, 2016 WL 4072465, at *9. In plaintiff's federal habeas action, the district court determined that the disciplinary conviction at issue did not affect the fact or duration of plaintiff's confinement. Thus, the recent decision in Nettles does not provide an avenue for relief.

7

VII.   Motion to Dismiss

Defendant Scotland moves to dismiss the FAC on two grounds. (See ECF No. 30-1.) First, defendant asserts that plaintiff's due process claim is barred by Heck v. Humphrey, 512 U.2. 477 (1994). (Id. at 1-2.) Second, defendant asserts, in the alternative, that plaintiff's claim is barred by the doctrine of collateral estoppel, because the issues raised in the FAC were necessarily decided against plaintiff in his state habeas proceedings. (Id. at 2.)

In opposition to defendant's motion, plaintiff appears to assert that his due process claim is not barred by Heck because the disciplinary violation at issue did not necessarily affect the duration of petitioner's confinement. (See ECF No. 35 at 1-2, 5.) Plaintiff further asserts that his claim against defendant Scotland is not barred by collateral estoppel because defendant Scotland was not a party to plaintiff's state habeas proceedings, and the issues raised in the instant action are not identical to those raised in plaintiff's state habeas proceedings.

Defendant filed a reply, in which he agrees that plaintiff's due process claim is not Heck-barred if the disciplinary conviction did not affect the length of plaintiff's sentence. (ECF No. 36 at 2.) However, defendant asserts that if plaintiff's sentence was unaffected by his disciplinary conviction, then dismissal is still appropriate because plaintiff was not deprived of a liberty interest and therefore can no longer assert a due process violation. (Id. at 4-6.)

A.   Rule 12(b)(6) Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

### B. Collateral Estoppel

The court first addresses defendant's claim that plaintiff is collaterally estopped from prosecuting the instant action because the issues raised in the FAC were necessarily decided against plaintiff in his state habeas proceedings.

#### i. Legal Standards

Collateral estoppel, alternatively known as issue preclusion, prevents relitigation of "all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993), quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). Federal courts

generally give preclusive effect to issues decided by state courts. Allen v. McCurry, 449 U.S. 90, 95–96 (1980). As explained by the Supreme Court, such preclusive effect derives from the common law, policies supporting collateral estoppel and 28 U.S.C. § 1738 which provides that the "judicial proceedings [of any State] . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." Id.

The Ninth Circuit has held that a decision rendered on an issue actually litigated in state habeas proceedings may not later support a § 1983 claim where the state habeas proceeding "afforded a full and fair opportunity for the issue to be heard and determined under federal standards." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981), cert. denied, 454 U.S. 895 (1981). This is true even though the relief available in § 1983 cases is different than that available in habeas proceedings. Id.; see also Sperl v. Deukmejian, 642 F.2d 1154 (9th Cir. 1981) (where claim of prosecutorial misconduct was tried and rejected in state habeas corpus proceedings, the doctrine of collateral estoppel precluded reconsideration of the issue in a federal civil rights case).

State law applies to determine the preclusive effect of a state habeas judgment. Palomar Mobile-home Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). California courts apply collateral estoppel if five threshold requirements are met and application of preclusion furthers the public policies underlying the doctrine. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001). The threshold requirements are as follows:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. The party asserting collateral estoppel bears the burden of establishing these requirements.

Id. (internal citation and quotation marks omitted).

////

The public policies underlying collateral estoppel are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to protect against vexatious litigation. California Physicians Service v. Aoki Diabetes Research Institute, 163 Cal.App.4th 1506, 1519 (2008).

ii. Discussion

In the instant case, the FAC alleges that plaintiff's due process rights were violated when he was deprived of an impartial hearing officer at his August 2, 2011 prison disciplinary hearing,[7] where he was found guilty of Resisting a Peace Officer, Requiring the Use of Force. Respondent contends that the issue of whether plaintiff's due process rights were violated at the August 2, 2011 disciplinary hearing was raised, litigated, and necessarily decided in plaintiff's state habeas proceedings, and that plaintiff admitted as much in the FAC. In response, plaintiff asserts that collateral estoppel does not apply because Scotland was not a party to the state habeas proceedings, and the state habeas proceedings addressed whether plaintiff's conviction was supported by some evidence, not whether plaintiff was deprived of an impartial hearing officer.

To the extent respondent contends that plaintiff conceded in the FAC that the issues raised in the instant action were previously raised in his state habeas proceedings, the court disagrees. Respondent relies on plaintiff's statement in the FAC that "each [state habeas] petition raised the same claims that the evidence was insufficiently reliable to support the guilty finding, that [plaintiff's] procedural due process rights were violated, and that an evidentiary hearing was necessary to resolve the issue." Liberally construed, this statement is reasonably interpreted to indicate that plaintiff raised the same due process claim in each state habeas petition, not that the claims in the state habeas petitions are the same as those raised in the instant civil rights action.

---

[7] In the context of prison disciplinary proceedings, the following procedural due process guarantees apply: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the plaintiff's defense; (4) assistance for illiterate inmates or in complex cases; and (5) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563–567 (1974). In addition, due process requires that the decision be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985).

11

Furthermore, the court's review of plaintiff's state habeas proceedings reveals that the issues raised therein are not identical to those raised in the instant petition. In his state habeas petition, plaintiff alleged that he was denied due process at his disciplinary hearing because there was insufficient evidence to support his conviction. (See Petition, ECF No. 30-2 at 16.) Although it is not entirely clear, it appears that plaintiff further alleged that the document charging him with the rules violation was procedurally defective. (See id. at 17-18.) While the narrative of allegations contained in the petition mentions the Senior Hearing Officer, who is never identified by name, there is no allegation that the SHO was biased or impartial, or that the SHO should not have presided over the disciplinary hearing. Nor is there an allegation that the SHO responded to and investigated the incident, or advised other officers regarding the appropriate disciplinary charge.

In denying relief, the Los Angeles Superior Court determined that there was no procedural due process violation because plaintiff's disciplinary conviction was supported by "some evidence." (See Superior Court Order, ECF No. 30-2 at 57-58). In light of this unequivocal ruling, it is clear that the issue of whether plaintiff's conviction was supported by "some evidence" was actually litigated and necessarily decided against plaintiff in his state habeas proceedings, and plaintiff would be precluded from raising a "some evidence" challenge in the instant civil rights action.[8]

However, the court is unable to conclude that the state court necessarily decided the issue of whether plaintiff's procedural due process rights were violated when he was allegedly deprived of an impartial hearing officer at the same disciplinary hearing. While the Superior Court's order indicates that plaintiff made "a variety of other arguments" that the court determined were

---

[8] To the extent plaintiff asserts that collateral estoppel does not apply because Scotland was not a party to plaintiff's state habeas proceedings, plaintiff is mistaken. Because *plaintiff*, the party against whom collateral estoppel is asserted, was a party to the state habeas proceedings, collateral estoppel may apply in the instant action if the remaining elements are satisfied. See In re Harmon, 250 F.3d at 1245 ("[T]he party *against whom* preclusion is sought must be the same as, or in privity with, the party to the former proceeding.") (emphasis added).

without merit,[9] the petition before the state court contained no allegations of impartiality or bias on the part of the SHO. Accordingly, there is no basis for the court to reasonably conclude that the issue of whether plaintiff was deprived of an impartial hearing officer was actually litigated and necessarily decided by the state courts. See In re Harmon, 250 F.3d at 1245. Thus, the undersigned finds that defendant has not met his burden of establishing that collateral estoppel bar plaintiff's procedural due process claim in the instant federal civil rights action.

### C. Heck Bar

#### i. Legal Standards

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004).

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, ___ F.3d ____, 2016 WL 4072465 at *4 (9th Cir. July 26, 2016) (en banc), citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier

---

[9] The Superior Court's order denying relief indicates that plaintiff made "a variety of other arguments relating to non-prejudicial alleged defects or inconsistencies in the evidence and process relating to the law of the criminal convictions and not that of in-prison disciplinary violations, which [the court determined were] without merit and . . . decline[d] to discuss in greater depth." (See Superior Court Order, ECF No. 30-2 at 57).

release for inmate with indeterminate life sentence and no parole date).

ii. Discussion

In his motion to dismiss, respondent contends that because plaintiff's claim challenges a prison disciplinary violation that resulted in a forfeiture of credits, plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (barring damages claims under § 1983 for unconstitutional conviction or imprisonment), and Edwards v. Balisok, 520 U.S. 641, 643 (1997) (extending Heck to bar actions "challenging the validity of the procedures used to deprive [an inmate] of good-time credits . . ."). (See ECF No. 30-1 at 6.) According to defendant, a judgment in plaintiff's favor on plaintiff's procedural due process claim would necessarily imply the invalidity of the disciplinary conviction and resulting credit loss, which would impact the length of plaintiff's sentence. (See id. at 6-8.) Thus, plaintiff's claim is barred by Heck and Edwards because plaintiff has not yet overturned or invalidated the disciplinary conviction at issue. (See id.)

Plaintiff counters that because he is serving a "term to life" sentence, any change in his credits has no impact on the length of his sentence, and therefore the Heck/Edwards bar is inapplicable. See Nettles, 2016 WL 4072465 at *4; Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) ("Where the . . . alleged constitutional error does not increase prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration . . . In such cases, the favorable termination rule of Heck and Edwards does not apply.") Plaintiff appears to assert that because he has already served more time in custody than his maximum base term, it is not certain what effect the lost credits will have on his sentence.[10] (See ECF No. 35 at 5.)

In reply, defendant agrees that if plaintiff's conviction and resulting credit loss had no impact on the length of plaintiff's sentence, then plaintiff's claim is not barred by Heck and Edwards. (See ECF No. 36.) However, respondent contends that if plaintiff's credit loss had no

---

[10] Although not addressed by either party, it appears that after briefing on the instant motion to dismiss closed, plaintiff may have been released on parole in April 2015. As mentioned above, plaintiff's change of address form lists a non-institutional address, and a search of plaintiff's name in CDCR's online inmate locator returned no results.

impact on plaintiff's sentence, then plaintiff was not deprived of a liberty interest and was therefore not entitled to due process protections under Wolff at this disciplinary hearing. (See id. at 4-6.)

After careful consideration of the parties' arguments and the record before the court, the undersigned deems the issue of whether plaintiff's due process claim is barred by Heck and Edwards to be better addressed at summary judgment. Many of the propositions raised by the parties, such as the length of plaintiff's sentence, the effect of plaintiff's credit loss on his parole eligibility, and the treatment of plaintiff's disciplinary convictions by the parole board, are factual matters that go beyond the allegations pled in the first amended complaint and the documents referenced therein. It would be imprudent to rule on the propriety of the claim without adequate briefing and proper presentation of evidence on the issue. This will also allow the parties to address in their briefing the relevance, if any, of plaintiff's apparent release from prison earlier this year.

### VIII. Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel. (ECF No. 38.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

////

Plaintiff asserts appointment of counsel is warranted because he is indigent, has no legal knowledge or skill, and has only a high school education. (ECF No. 38 at 1.) Plaintiff further asserts that counsel is warranted because his case is complex, he has been unable to find counsel to represent him, and the inmate who has been assisting him will no longer be able to do so, as that inmate is scheduled for transfer to another prison. (Id. at 1-2.) However, plaintiff's indigent status, lack of legal knowledge, and limited education are circumstances common to most prisoners and are not sufficiently exceptional to warrant appointment of voluntary counsel. Furthermore, to the extent plaintiff asserts that various conditions in prison constitute exceptional circumstances, these arguments are now moot as plaintiff is no longer in prison.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IX.   Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike defendant's reply (ECF No. 39 at 1) is denied.
2. Plaintiff's motion for leave to file a surreply (ECF No. 39 at 1) is denied.
3. Plaintiff's motion to temporarily stay this action (ECF No. 40) is denied.
4. Plaintiff's motion for appointment of counsel (ECF No. 38) is denied without prejudice.
5. The Clerk of the Court is directed to randomly assign a District Judge to this case.

IT IS FURTHER RECOMMENDED that defendant Scotland's motion to dismiss (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////

1 objections shall be filed and served within fourteen days after service of the objections. The
2 parties are advised that failure to file objections within the specified time may waive the right to
3 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 Dated:  September 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/oliv1974.mtd.mtns

17